UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**NORMAN MARTIN BARASSI**                                                               **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 4:17-CV-P40-JHM**

**CAPTAIN MIKE LEWIS**                                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Norman Martin Barassi, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff will be provided the opportunity to amend his complaint.

**I. SUMMARY OF CLAIMS**

Plaintiff is a convicted inmate housed at the Hopkins County Detention Center (HCDC). He names as Defendant HCDC Captain Mike Lewis in his official capacity.

Plaintiff states that he has been housed at HCDC since May 9, 2014. He states that death threats began against him at HCDC almost immediately after his incarceration began because he was charged in a very high profile case. Plaintiff states that he notified staff when the threats began and he was told that he would be put into protective custody until he wished to be removed.

According to the complaint, Plaintiff was initially kept on the floor of a detox cell until July 6, 2014. He states that since then he has been treated as if he is on discipline status with the exception of not having his mattress taken daily. He states that he is only allowed to use the phone for one hour per week, has no TV, and has no indoor or outdoor recreation. Plaintiff

alleges that every inmate at HCDC no matter their classification "(general pop/max/protective custody) is allowed three hours [of recreation] per week." He states that in almost three years he has not been allowed even one hour of recreation.

Plaintiff further states that, after writing a letter to the Kentucky Department of Corrections, an investigator and Defendant Lewis came to his cell in August 2015. He alleges that when he explained his situation, Defendant Lewis told him that if he wants to use the phone or take recreation he can take himself out of protective custody.

Plaintiff asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff names Defendant Lewis in his official capacity only. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claim against an employee of HCDC in his official capacity is actually brought against the Hopkins County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Hopkins County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th

3

Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff does not allege that he has been denied use of the phone, television, or recreation because of a policy or custom of HCDC.[1] In fact with regard to his allegation that he has been denied recreation, Plaintiff alleges that HCDC has a policy or rule allowing all inmates, no matter their classification, three hours of recreation per week. Thus, Plaintiff's official-capacity claims against Defendant Lewis fail to state a claim upon which relief may be granted.

It appears from the complaint that Plaintiff is alleging that Defendant Lewis on his own and not pursuant to a policy has required Plaintiff to take himself out of protective custody in order to be provided the opportunity for recreation. A total denial of recreational opportunities may violate the Constitution. *Walker v. Mintzes*, 771 F.2d 920, 925 (6th Cir. 1985). However, Plaintiff has not named Defendant Lewis in his individual capacity.

---

[1] In any event, even were Plaintiff to allege the existence of a policy with regard to his claims of being denied the use of a phone or television, these claims would still fail to state a claim upon which relief may be granted. An inmate has no constitutional right to unlimited telephone use, *see Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994), and the denial of television does not implicate the Constitution. *See, e.g.*, *Zain v. Osborne*, No. 4:10CV-P109-M, 2012 WL 435582, at *12 (W.D. Ky. Feb. 9, 2012).

The Court will provide Plaintiff with an opportunity to amend his complaint to name Defendant Lewis in his individual capacity. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims regarding use of the phone and access to television are **DENIED** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Order Plaintiff may amend his complaint to name Defendant Lewis in his individual capacity. After that 30-day period has expired, the Court will, if necessary, conduct an initial review of Plaintiff's amended complaint and/or, if appropriate, enter a Scheduling Order to govern the development of claim(s) permitted to go forward.

**Should Plaintiff fail to file an amended complaint within the 30-day period, the Court will dismiss this action for the reasons set forth above.**

The Clerk of Court is **DIRECTED** to send to Plaintiff a 42 U.S.C. § 1983 complaint form with the case number and the word "AMENDED" affixed thereto.

Date: June 12, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009