# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**NORMAN MARTIN BARASSI**                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 4:17-CV-P40-JHM**

**CAPTAIN MIKE LEWIS**                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion for summary judgment filed by Defendant (DN 48). For the following reasons, the Court will grant Defendant's motion.

### I. STATEMENT OF THE CASE

Plaintiff Norman Martin Barassi is an inmate at the Hopkins County Jail (HCJ). On initial review, the Court allowed to go forward Plaintiff's individual-capacity claims against Defendant HCJ-employee Captain Mike Lewis that Plaintiff's constitutional rights were violated when Defendant kept Plaintiff in solitary confinement with no recreation for over three years and forced Plaintiff to live in unsanitary conditions for more than 60 days.

### II. ANALYSIS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* A moving party with the burden of proof who seeks summary judgment faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir.

2002). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (internal quotation marks, citation, and emphasis omitted). The party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. "Accordingly, summary judgment in favor of the party with the burden of persuasion 'is inappropriate when the evidence is susceptible to different interpretations or inferences by the trier of fact.'" *Green v. Tudor*, 685 F. Supp. 2d 678, 685 (W.D. Mich. 2010) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999)).

*A. Recreation claim*

Defendant moves for summary judgment (DN 48) premised, in part, on the ground that Plaintiff failed to exhaust his administrative remedies regarding his denial-of-recreation claim. Specifically, Defendant argues that Plaintiff filed only one grievance related to recreation, dated June 28, 2015, but failed to properly appeal through all three levels of appeal.

The HCJ grievance policy, which Defendant attaches to his summary-judgment motion, states with regard to appeals that there are three stages for appeals after the initial grievance: "First appeal – Lieutenant[;] Second appeal – Captain[; and] Final Appeal – Jailer." That policy further states: "All appeals shall occur within forty-eight (48) hours of receipt by the inmate of each response." Lastly, the policy stated: "Any inmate who submits an appeal shall receive a response within ten (10) working days (excluding weekends and holidays). If a response is not provided to the inmate within ten (10) working days, the appeal will be deemed denied."

Plaintiff's initial grievance regarding the denial of recreation, dated June 28, 2015, states in pertinent part: "For the past 14 months I have also been denied 100% access to indoor or outdoor recreation." In a response dated June 29, 2015, Sgt. Coy responded: "Your recreation and phone usage are limited . . . to being housed in segregation. Efforts have been made to house you in a cell with other inmates. You chose to remain in segregation."

In his first appeal of that grievance, Plaintiff stated:

> After my rights have been completely violated for 13 months, and a motion was filed in Court pertaining to phone usage, Hopkins County Jail Administration trys to pull off an ill attempt at rectifying this ongoing situation by opening another max cell. Due to the psychological damage I've already suffered over the first 395 days, you're correct now I do not want to leave my cell now and for the past 30 days. But that dose not give you the right to continue blatantly violating my rights. Also how is a disciplinary sargent going to hear my administrative level grievance. This is just like Hopkins County Jail to try and skirt responsibility for their wrongdoing.

In a response dated July 7, 2017, Lt. Komar responded, "You are making a general statement and are not appealing any one thing."

In what Defendant refers to as a corrected first appeal, dated July 9, 2015, to his June 28, 2015, grievance, Plaintiff stated, "All I want is to be able to go to church, see sunshine like everyone else and call my attorney when I need to. My right are being violated daily." The response, dated July 13, 2015, was: "You refused to go to the max GP cell on 5/19/15 /s/ Lt. Komar."

In what Defendant refers to as Plaintiff's second appeal, dated July 13, 2015, Plaintiff stated: "I am trying to exhaust the grievance appeal process and my past two responses both came from Lt. Komar. Please forward to Cpt Lewis. I don't except [sic] any result because it's the administration I'm grievanc[…] [illegible]." In response, Defendant stated: "This appeal

3

does not request any action or state any wrongdoing. An ambiguous appeal does not move the process forward."

In what Defendant terms the corrected second appeal, dated July 24, 2015, Plaintiff stated:

> From the 9th of May 2014 I have been denied church services, access to phone at suitable hours to contact my attorney, or anyone for that matter. Also I have never even seen the indoor or outdoor rec yard since May 9, 2014, not May 19, 2015. Request to go to outdoor rec, even if you can't undo the 14 months of violating my rights.

The response, dated July 24, 2015, was: "You refuse to move to a cell that will enable you to be around other inmates. You are being protected per your request. /s/ Capt. Mike Lewis."

In response (DN 55) to Defendant's summary-judgment motion, Plaintiff argues in pertinent part that Lt. Komar deliberately obstructed "the grievance appeal process by failing to forward it to the next level." He also argues that his next grievance appeal was once more obstructed when Defendant "refused to process it to superior."

In reply (DN 57), Defendant argues that the first time that Plaintiff asked for an appeal to go to the Captain, he received a response from Defendant, Captain Lewis. Defendant argues that Plaintiff never requested that an appeal go to the Jailer. Defendant further argues that because Plaintiff did not file an appeal "after Defendant provided a substantive response to Plaintiff's Second Level appeal, it was safe to assume that Defendant's response (advising Plaintiff that he was being protected per his own request) was acceptable to Plaintiff." Defendant states that it was Plaintiff's duty to file a final appeal and that Plaintiff cites no law to indicate it was Defendant's burden.

Plaintiff filed a sur-reply (DN 59). Regarding the exhaustion issue, Plaintiff asserts that the "dates on the grievances and multiple grievance appeals, as well as the Defendants own

4

policy and procedure that states that 'if a grievance appeal is not answered within ten working days, it is to be deemed denied'" and the manner in which the administration "obstructed the grievance appeal process" show that he did "exhaust the administrative remedies as best as I possibly could until they were stonewalled" by Defendant.

Prisoner civil-rights cases are subject to the mandate of the Prison Litigation Reform Act (PLRA) that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all steps of a prison's or jail's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

A prisoner is required "to make affirmative efforts to comply with the administrative procedures," and the Court will analyze "whether those efforts to exhaust were sufficient under the circumstances." *Id.* at 590 (internal quotation marks and citations omitted). "A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy." *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 n.2 (6th Cir. 2011) (citing cases).

Here, Plaintiff clearly did not complete the grievance appeal process because he never filed an appeal to the Jailer. Although Plaintiff argues that Defendant "stonewalled" the

grievance process and "obstructed the grievance appeal process" he does not explain why he could not have and did not file a final appeal to the attention of the Jailer.

Plaintiff suggests that Defendant "obstructed" the appeal process by not "process[ing] it to [his] superior," presumably the Jailer. To be sure, some courts have held that a failure to exhaust can be excused where it is the result of a reasonable misunderstanding of the grievance process. *See, e.g.*, *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006). But even if the Court were to accept this proposition, it would not help Plaintiff in this case because the evidence does not indicate that he had a *reasonable* misunderstanding of the grievance process. *Wilkinson v. Banks*, No. 02-CV-361, 2007 WL 2693636, at *9 (W.D.N.Y. Sept. 10, 2007) (where court found prisoner's interpretation of the prison grievance procedure to be objectively unreasonable, even if genuine, the court found that prisoner's non-compliance with grievance procedure could not be considered justified by special circumstances).

First, the grievance policy refers to a prisoner submitting an appeal. It does not refer to grievances or appeals thereof being automatically sent to the next level. Further, as Defendant points out, without an appeal from the second level wherein Defendant explained, "You refuse to move to a cell that will enable you to be around other inmates. You are being protected per your request," it was reasonable for Defendant to assume that Plaintiff was satisfied with that explanation. The purpose of the exhaustion requirement is "to give prison officials a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced." *Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017). Here, because Plaintiff did not appeal to the Jailer, the Jailer did not have an opportunity to address Plaintiff's claim regarding lack of recreation.

In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court held that exhaustion under the PLRA is an affirmative defense. Therefore, the heightened summary-judgment standard set out above applies to Defendant's motion for summary judgment based on the affirmative defense that Plaintiff failed to exhaust. The Court concludes that Defendant has met his burden to show that Plaintiff did not fully exhaust his administrative remedies regarding the alleged lack of recreation. The Court will, therefore, grant summary judgment to Defendant on this claim.

**B. Unsanitary-conditions claims**

Plaintiff's complaint alleges that Defendant refused to allow Plaintiff to take a shower and refused to allow him to clean his cell, causing him to live in unsanitary conditions for over 60 days. Defendant argues in his summary-judgment motion that Plaintiff's claims related to not being allowed to shower and being housed in an unsanitary cell are time-barred. As support, Defendant cites to Plaintiff's deposition testimony that the claimed denials occurred between May 9, 2014, to July 6, 2014 (citing to DN 52, pp 53-54, 57, 58). Plaintiff did not file his complaint until March 15, 2017.[1]

In response (DN 55), Plaintiff states that "as far as 'state' law in reguards for statutes of limitations in 'federal' proceedings, I honestly do not know the guidelines and respectfully default judgement to the Court."

In reply (DN 57) to Plaintiff's response, Defendant contends that Plaintiff does not deny that the law provides that the claims related to showering and his cell are time-barred.

However, in his sur-reply (DN 59), Plaintiff clarifies that in his response he did not concede that the statute of limitations had expired. Instead, he states that he was "willing to

---

[1] Under the mailbox rule, a prisoner's mailing is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

default judgment to the Court as to whether the state statu[t]e is applicable in a federal court."
Plaintiff makes no argument that the incidents incumbent in his unsanitary-conditions claim occurred within a year of filing the complaint in this case.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183.

Here, it is clear from the undisputed facts that Plaintiff's claims related to not being allowed to shower and being housed in an unsanitary cell "[f]rom May 9 until July 6[,]" 2014, are time-barred as Plaintiff did not file the instant action until well after the one-year period had expired. The Court will grant Defendant's summary-judgment motion as to these claims.

## III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion for summary judgment (DN 48) is **GRANTED**.[2]

The Court will enter a separate Judgment dismissing this action.

Date: November 20, 2018

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4414.009

---

[2] Before deciding whether Defendant's motion for summary judgment should be granted, the Court also examined Plaintiff's motion for summary judgment (DN 53) and attachments thereto and found no argument or evidence which would contradict the Court's findings that his claim related to recreation has not been exhausted and that his claim related to showering and an unsanitary cell is time-barred. The Court also examined Plaintiff's motion to compel and for sanctions (DN 34) and motion for production of the HCJ's segregation policy (DN 47) and found that neither has information helpful to Plaintiff related to the issues the Court is deciding in granting this motion for summary judgment, *i.e.*, exhaustion and statute of limitations. Finally, also, still pending at the time the Court considered Defendant's summary-judgment motion was another motion to compel filed by Plaintiff (DN 37). That motion does request the Court to compel Defendant to answer, *inter alia*, "Did you fail to forward my grievance appeals to the next level (the Jailer, Joe Blue) multiple times with complete disreguard for the grievance appeal process?" However, as already explained, this request by Plaintiff at most shows that he misunderstood the grievance procedure to require Defendant to submit appeals for him. And, as already explained, the Court does not consider this misunderstanding of the jail's grievance process to be reasonable.